NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50430 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:16-cr-01285-BEN-1 |
| GRACIELA POTENCIANO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted March 7, 2018
Pasadena, California

Before:  GOULD and MURGUIA, Circuit Judges, and CHRISTENSEN,[**] Chief
District Judge.

Defendant-Appellant Graciela Potenciano appeals her criminal conviction

for importing methamphetamine, heroin, and fentanyl in violation of 21 U.S.C.

§§ 952, 960, following a jury trial. On appeal, Potenciano asserts that the district

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Dana L. Christensen, Chief United States District
Judge for the District of Montana, sitting by designation.

court violated her rights under the Confrontation Clause of the Sixth Amendment and improperly reviewed her challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

On appeal, Potenciano asserts that the district court violated her rights under the Confrontation Clause of the Sixth Amendment when the district court terminated defense counsel's recross examination of the government's expert witness. It is not clear whether defense counsel's questioning truly qualified as recross examination because the district court had allowed defense counsel to exceed the scope of direct examination and use the government's expert to support the defense's theory of the case. Additionally, defense counsel failed to object to the district court's decision to terminate her examination. *See United States v. Anekwu*, 695 F.3d 967, 973 (9th Cir. 2012) (noting that if defendant fails to object to admission of evidence under the Confrontation Clause, the court reviews for plain error). Potenciano's Confrontation Clause challenge fails under plain error review. *See id.* ("Plain error occurs when (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." (internal quotation marks omitted)).

2

However, even assuming that defense counsel was conducting a true recross examination, and that defense counsel properly preserved Potenciano's Confrontation Clause challenge for appeal, any error by the district court here was harmless. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986) (holding that the court reviews Confrontation Clause errors to see whether the error was harmless).

The government initially called the expert to testify about the value of some of the drugs found in the vehicle. It was defense counsel, through cross-examination, who elicited testimony about the expert's knowledge relating to drug trafficking organizations and the use of blind mules. Therefore, contrary to Potenciano's argument on appeal, the government expert's testimony regarding the defense's blind mule argument was not critical to the prosecution's case in chief. *See Van Arsdall*, 475 U.S. at 684 (identifying the importance of the witness's testimony to the prosecution's case in chief to be one of the factors the court considers in determining whether the error was harmless). Additionally, although Potenciano asserts she should have been able to elicit testimony that the expert could not say for certain that the types of traffickers in her case would never use blind mules, this testimony essentially would have been cumulative to the expert's earlier testimony that the majority of blind mule cases he researched involved a different type of drug trafficking. *See id.* (identifying whether the testimony was cumulative to be one of the factors the court considers in determining whether the

error was harmless). In sum, even if the damaging potential of the omitted testimony were fully realized, this is not the type of testimony that would have affected the outcome of the case. *See United States v. Vargas*, 933 F.2d 701, 709 (9th Cir. 1991). Therefore, even assuming the district court erred in terminating defense counsel's recross and the objection properly was preserved for appeal, any Confrontation Clause error here was harmless.

Finally, during jury selection, Potenciano raised a *Batson* challenge after the prosecution struck the only black juror. The district court denied Potenciano's challenge on the basis that the prosecution had stated a race neutral reason for striking the black juror. On appeal, Potenciano asserts that the district court failed to apply the correct legal standard to her challenge. The court generally reviews the district court's determination that the government did not exercise a preemptory challenge based on race for clear error. *United States v. Collins*, 551 F.3d 914, 919 (9th Cir. 2009). However, when a defendant contends that the district court applied the incorrect legal standard, the court reviews the decision *de novo*. *Id.*

A defendant's *Batson* challenge invokes a three-step inquiry, and Potenciano asserts that the district court applied the incorrect standard because it did not apply the final step. *See Rice v. Collins*, 546 U.S. 333, 338 (2006). The final step of a *Batson* challenge requires the court to evaluate the persuasiveness of the prosecutor's justification and determine whether the defendant had met her burden

of showing "purposeful discrimination." *Ali v. Hickman*, 584 F.3d 1174, 1180 (9th Cir. 2009). To make its determination, the district court should evaluate the "totality of the relevant facts" to determine whether "counsel's race-neutral explanation" should be believed. *Id.*

Here, the district court erred when it failed to evaluate the third step of the *Batson* analysis. The district court merely concluded that the prosecutor's reason for striking the only black juror was non-discriminatory: "It [] appears to me that [the prosecution] has stated a non-discriminatory reason for excluding [juror No. 22]." The district court engaged in no further analysis of the issue, and therefore, did not reach the third step of the *Batson* framework. *See United States v. Alvarez-Ulloa*, 784 F.3d 558, 565 (9th Cir. 2015) (finding that the district court erred by determining that "the government had asserted facially neutral grounds" and conducting no further analysis on the issue).

"Faced with an improper application of the *Batson* framework, [the court] may decide *de novo* whether the government's strikes were motivated by purposeful discrimination." *Id.* Alternatively, the court may remand to the district court for either a factual hearing or new trial. *Id.* at 566.

We review Potenciano's *Batson* challenge *de novo*. Nothing else about the circumstances surrounding the *Batson* challenges suggests that the government's stated reason for striking juror No. 22 was pretext for purposeful discrimination.

5

The government's reason for striking juror No. 22 appeared race neutral and specific to juror No. 22. *See Miller-El v. Dretke*, 545 U.S. 231, 241 (2005) ("If a prosecutor's proffered reason for striking a black panelist applies just as well to an otherwise-similar nonblack who is permitted to serve, that is evidence tending to prove purposeful discrimination to be considered at *Batson*'s third step."). Potenciano has failed to carry her burden to show that the prosecutor's reason for striking juror No. 22 was purposeful race discrimination. Therefore, even though the district court improperly applied the *Batson* framework, Potenciano's conviction should not be overturned on this issue.

**AFFIRMED.**